IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re ) <br> ) <br> INSILCO TECHNOLOGIES, INC., *et al.*, ) <br> ) <br> Debtors ) <br> ) | Chapter 11 <br><br> Case No. 02-13672 (KJC) <br><br> (Jointly Administered) |
| CHAD SHANDLER, as Trustee to the Insilco ) <br> Liquidating Trust, ) <br> ) <br> Appellant. ) <br> ) <br> v. ) <br> ) <br> DLJ MERCHANT BANKING, INC. n/k/a ) <br> CREDIT SUISSE FIRST BOSTON, ) <br> ) <br> Appellees. ) <br> ) | Case No. 05 CV 795 (GMS) |

## REPLY BRIEF OF APPELLANT

DUANE MORRIS LLP
Michael R. Lastowski (ID No. 3892)
Richard W. Riley (ID No. 4052)
1100 North Market Street, Suite 1200
Wilmington, DE 19801-1246
Telephone: (302) 657-4900
Facsimile: (302) 657-4901

-and-

ARENT FOX LLPC
Andrew I. Silfen
Michael S. Cryan
Heike M. Vogel
1675 Broadway
New York, New York 10019
Telephone: (212) 484-3900
Facsimile: (212) 484-3990

*Attorneys for Chad Shandler,*
*Trustee of the Insilco Liquidating Trust*

DM3\495331.1

## TABLE OF CONTENTS

    **Page**

PRELIMINARY STATEMENT ..........................................................................................2

ARGUMENT........................................................................................................................3

I.    THE INSILCO BANKRUPTCY PROCEEDING IS NOT CLOSED AND REMAINS OPEN...............................................................................................3

II.   THE LIQUIDATING TRUSTEE OF INSILCO CANNOT BE COMPARED TO THE LITIGATION TRUSTEE OF RESORTS .............................................5

III.  NOT JUST ONE BOILERPLATE RETENTION OF JURISDICTION BUT MULTIPLE PROVISIONS UNDER THE PLAN, DISCLOSURE STATEMENT AND CONFIRMATION ORDER ESTABLISH THE REQUISTE CLOSE NEXUS...................................................................................................................7

IV.  "RELATED TO" JURISDICTION HAS ALSO BEEN ESTABLISHED DUE TO THE FACT THAT THE DIRECTORS ARE BEING INDEMNIFIED FOR THEIR LEGAL EXPENSES IN THESE CLAIMS BY A DIRECTORS & OFFICERS INSURANCE POLICY THAT BELONGS TO THE DEBTORS' ESTATE ..................................................................................................................8

CONCLUSION ....................................................................................................................10

# TABLE OF AUTHORITIES

Cases

*A.H. Robins Co., Inc. v. Piccinin,*
788 F.2d 994 (4th Cir. 1987) ................................................................................................ 10, 11

*Belcufine v. Aloe,*
112 F.3d 633 (3d Cir. 1997) ..................................................................................................... 9, 10

*Binder v. Price Waterhouse & Co. (In re Resorts Int'l, Inc.),*
372 F.3d 154 (3d Cir. 2004) ................................................................................................. 4, 6, 7

*Grimes v. Graue (In re Haws),*
158 B.R. 965 ................................................................................................................................. 3

*In re eToys, Inc.,*
331 B.R. 176 (Bankr. D. Del. 2005) ........................................................................................... 4

*In re: Insilco Technologies, et al.,*
2007 U.S. App. LEXIS 6409 (3d Cir. March 20, 2007) ......................................................... 2, 5

*LaRoche Indus. Inc. v. Orica Nitrogen L.L.C. (In re LaRoche Indus., Inc.),*
312 B.R. 249 (Bankr. D. Del. 2004) ........................................................................................... 3

*Pacor v. Higgins,*
743 F.2d 984 (3d Cir. 1984) ..................................................................................................... 10

## **PRELIMINARY STATEMENT**

The Liquidating Trustee submits this reply (the "Appellant Reply") to the Brief for Appellees the DLJ affiliated entities ("DLJ") and certain former directors of Insilco (the "Directors") (collectively, the "Appellees Response"), which the Appellees filed in response to the Appellant's Brief (the "Opening Brief").[1]

The Appellees Response proves one point without a doubt – there is no clear consensus among courts with regard to the point when post-confirmation jurisdiction is lost. The structure of the Insilco Liquidation Plan in this case and review of applicable Third Circuit Court case law leave no doubt that bankruptcy court jurisdiction with respect to the relief sought in the complaint continued post-confirmation.[2]

In incorrectly concluding that the bankruptcy court lacked "related to" jurisdiction in the present case, the Bankruptcy Court failed to consider, and the Appellee's in their brief ignore, the following: (i) the Insilco bankruptcy proceedings are not closed and no final decree has been entered in any of the bankruptcy proceedings; (ii) the Liquidation Trust in the present case is, *inter alia*, a continuation of the bankruptcy estate – not a separate trust that only represents a successor ownership in a small portion of a reorganized debtors' litigation claims; (iii) several provisions, not just one boiler-plate retention provision, in the Insilco Liquidation Plan, Disclosure Statement and Confirmation Order specifically provide the requiste close nexus between the Claims against DLJ and the Directors, on one hand, and the implementation, interpretation, execution and administration of the Plan, on the other hand; and (iv) the fact that

---

[1] Capitalized terms not defined herein shall have the meaning ascribed to such terms in the Opening Brief and Appellees Response

[2] Indeed, on March 20, 2007, the United States Court of Appeals for the Third Circuit filed its opinion *In re: Insilco Technologies, et al.*, 2007 U.S. App. LEXIS 6409 (3d Cir. March 20, 2007) (hereinafter referred to as the "Third Circuit Insilco Opinion") (a copy is attached hereto). Although the Third Circuit Insilco Opinion rendered a ruling in favor of certain DLJ entities, referred to as the Term-C Lenders, with regard to certain release provisions in a Settlement Agreement, the Opinion also provides an overview of the background and current status of this case that are helpful insights into the issues presently before this Court.

DM3\495331.1         2

Insilco provided an officers & directors insurance policy, which is currently part of the bankruptcy estate and pursuant to which the Insilco estate has indemnified the Directors for the legal expenses that they are incurring in connection with the Claims and will become liable in the event of judgment, all clearly establishes "related to" jurisdiction.

The fact that the Plan provides for the Liquidating Trustee to handle, *inter alia*, the DJL Litigation, rather than a reorganized debtor or other successors, should not result in bankruptcy court jurisdiction being lost. Clearly, this is not what the Third Circuit was contemplating under *Resorts*.

## ARGUMENT

### I. THE INSILCO BANKRUPTCY PROCEEDING IS NOT CLOSED AND REMAINS OPEN

Unlike the cases in which "related to" jurisdiction seized to exist and which are cited by the Appellees, the Insilco bankruptcy proceedings are *not* closed, no final decree has been entered, and the Insilco case remains open. For example, the Appellees neglect to mention this critical, differentiating fact in *LaRoche Indus. Inc.*, when citing to it for the proposition that there was no post-confirmation jurisdiction over a matter involving a pre-petition contract. *See* Appellees Response, p. 11. Indeed, *LaRoche Indus. Inc.*, specifically explained that it did not retain subject matter jurisdiction because "[t]he Plan had been substantially consummated and the case *closed ten months* before the Debtor sought to commence this case." *LaRoche Indus. Inc. v. Orica Nitrogen L.L.C. (In re LaRoche Indus., Inc.)*, 312 B.R. 249, 257 (Bankr. D. Del. 2004) (emphasis added); *see also Grimes v. Graue (In re Haws)*, 158 B.R. 965, 970 (finding that "related to" jurisdiction did not exist because the charges which formed the basis of the adversary proceeding were not raised until after the plan had been confirmed and the bankruptcy case closed). Additionally, when referring to *In re eToys, Inc.*, the Appellees completely neglect to mention that the Court in that case did not find related to jurisdiction over issues that arose

DM3\495331.1                                3

*post*-confirmation. *In re eToys, Inc.*, 331 B.R. 176, 186 (Bankr. D. Del. 2005) (emphasis added). However, the *eToys* court did find that bankruptcy court jurisdiction existed over the parties' *pre*-confirmation actions. *Id.* (emphasis added). Moreover, the court in *eToys*, citing to a case of this district, explained that "although the jurisdiction of the bankruptcy court continues until the Chapter 11 case is *closed*, once a plan has been confirmed, the court's jurisdiction begins to weaken". *Id.* (internal citations omitted) (emphasis added). The Liquidating Trustee does not dispute the fact that the bankruptcy court's jurisdiction narrows with plan confirmation. However, as explained by every court that has addressed the issue of post-confirmation jurisdiction – it may narrow, but it does not disappear entirely, especially in the present case where the bankruptcy proceeding remains open, and the unsecured creditors of the bankruptcy estate continue to wait for distribution.

In comparison, the bankruptcy proceeding in *Resorts* had been closed and a final decree entered for *seven years* when the litigation trustee commenced a professional malpractice claim against the accountant he retained long after plan confirmation, and consequently this action against the accountant arose years after the confirmation and implementation of the reorganization plan. *Binder v. Price Waterhouse & Co. (In re Resorts Int'l, Inc.)*, 372 F.3d 154 (3d Cir. 2004) ("*Resorts*"). Indeed the bankruptcy proceeding in *Resorts* had been closed for so many years that the retention of this accountant did not occur pursuant to, and never even required, bankruptcy court approval under section 327 of the Bankruptcy Code. The accountant at issue in *Resorts* was retained by the litigation trustee entirely outside the context of the underlying bankruptcy proceeding. Clearly, that is not the case in the present situation where the Liquidating Trustee commenced pre-petition Claims against insiders of the Debtors, that belonged to the Debtors, and that would not have arisen had it not been for the bankruptcy proceeding of Insilco which is an ongoing and open proceeding in the bankruptcy court.

DM3\495331.1                                4

## II. THE LIQUIDATING TRUSTEE OF INSILCO CANNOT BE COMPARED TO THE LITIGATION TRUSTEE OF RESORTS

The Appellees confuse the important role of the Liquidating Trustee of Insilco with the very limited role of the litigation trustee who was appointed in *Resorts* for the sole purpose of bringing to conclusion certain claims against Donald Trump. In the present case, the Liquidating Trustee is the alter ego of Insilco, and the Trust that has been incorporated in the Plan is a continuation of the Debtors' estate. As also explained by the *Third Circuit Insilco Opinion*, "Chad Shandler is Trustee of the Insilco Liquidating Trust, an entity created by Insilco's creditors that succeeded to *all of* Insilco's assets on confirmation of its Plan. The Trust exists to sell Insilco's assets and distribute the proceeds in accordance with the Plan. As the *successor of both* Insilco and the Official Committee of Unsecured Creditors, the Trust may assert either entity's causes of action." *See Third Circuit Insilco Opinion*, 207 U.S. App. LEXIS 6409 * 4-5 (emphasis added). Here, the Trustee serves many functions under the Plan and has various responsibilities related to the wind-down and cessation of the Debtors. *See* Plan, Art. VII, § 7.2(b), A-26; *see also* Disclosure Statement, Art. V, H.1. at 27-28; Confirmation Order, ¶ 33, at 17, A-120 through 121.

In comparison, the litigation trust that was created in *Resorts* was an entirely separate entity from the debtor and was merely a successor to ownership of a limited portion (the claims against Donald Trump) of the *Resorts* assets. Contrary to the Appellees' misinterpretation, the Liquidating Trustee has never argued that *Resorts* is applicable only to a reorganization case and does not govern this liquidating case. *See* Appellees Response, p. 5. To the contrary, the Liquidating Trustee clearly states in his Opening Brief that the *Resorts*' "close nexus" standard is applicable in the current situation, and had the *Resorts* court been confronted with the facts of Insilco, it would have recognized the requisite close nexus between the Claims against the

Appellees and the Plan, especially since, but not exclusively because, the present case is a liquidation and not a reorganization proceeding.

Indeed, the *Resorts* decision highlights the difference of bankruptcy proceedings involving continuing trusts by explaining:

> Whether a matter has a close nexus to a bankruptcy plan or proceeding is particularly relevant to situations involving continuing trusts, like litigation trusts, where the plan has been confirmed, but former creditors are relegated to the trust res for payment on account of their claims. To a certain extent, litigation trusts by their nature maintain a connection to the bankruptcy even after the plan has been confirmed. The question is how close a connection warrants post-confirmation bankruptcy jurisdiction. Matters that affect the interpretation, implementation, consummation, execution, or administration of the confirmed plan will typically have the requisite close nexus. Under those circumstances, bankruptcy court jurisdiction would not raise the specter of "unending jurisdiction" over continuing trust.

*Resorts*, 372 F.3d at 167

In the present case, since the Liquidating Trustee stepped into the shoes of the Debtors, was entrusted with the important duty of making distribution to the Debtors' unsecured creditors, and the Plan specifically provides, *inter alia*, that the source of funding such distribution shall be from Cash and the *Rights of Action Recovery*, including the Claims against Appellees, there clearly exists the requisite close nexus. Disclosure Statement, Art. V, G.6. at 27. In other words, the Insilco Liquidating Trust is not merely a separate trust that was created only to litigate very specific claims that benefits only a handful of trust beneficiaries. Rather, the Liquidating Trustee has stepped into the shoes of the liquidated Debtors and is responsible for the proper administration of this bankruptcy estate. The Trustee has the responsibility and obligation under the Plan to handle the DLJ Litigation and distribute any proceeds to creditors of the Debtors in accordance with the Plan. When faced with nearly identical facts, the District Court of New Jersey recently found that related to jurisdiction had indeed been established and distinguishing *Resorts*, explained that "[t]he malpractice claim is an asset owned by the [Debtor] and ... would

become part of the liquidated assets of that corporation [which was also continued by a succeeding liquidation trust]. Judgment in favor of the [liquidating trustee] could conceivably affect the bankruptcy estate and the proceeds available for distribution to the [Debtor's] creditors. Where the malpractice action is this closely related to the bankruptcy matter, and has been initiated pre-confirmation, ... there exists sufficient nexus between the malpractice and the Chapter 11 bankruptcy for this court to possess subject matter jurisdiction" *Jazz Photo Corp. v. Dreier LLP*, 2005 WL 3542468 *6 (D.N.J. 2005).

### III. NOT JUST ONE BOILERPLATE RETENTION OF JURISDICTION BUT MULTIPLE PROVISIONS UNDER THE PLAN, DISCLOSURE STATEMENT AND CONFIRMATION ORDER ESTABLISH THE REQUISITE CLOSE NEXUS

As set forth in great detail in the Opening Brief, multiple provisions of the Insilco Disclosure Statement, the Liquidation Plan, as confirmed by the Confirmation Order, and the Liquidation Trust Agreement that was incorporated into the Plan specifically preserved post-confirmation jurisdiction over the Claims against DLJ and the Directors. As explained by the *Resorts* court, "[u]nless otherwise provided by the plan or order confirming the plan, the confirmation of a plan vests all of the property of the estate in the reorganized debtor pursuant to section 1141(b) of the Bankruptcy Code." *Resorts*, 372 F.3d at 165 (internal citations omitted). In the present case, the Liquidation Plan specifically vests the property of the estate in the Liquidation Trust – not the Debtors. *See* Plan, Art. VI, § 6.1, A-23. Whereas the bankruptcy estate of *Resorts* ceased to exist upon the confirmation of and distribution under its reorganization plan, the Insilco estate remains in existence through its assets as liquidated by the Liquidating Trustee. Indeed, no distribution to Insilco's unsecured creditors has been made, and the entire unsecured creditor class is waiting to receive some value from the bankruptcy estate. Moreover, as already stated above, the Plan specifically provides that one source of funding a distribution to unsecured creditors is, *inter alia*, the Claims against the Appellees. In *Resorts*,

only a few creditors opted to become beneficiaries of the litigation trust in exchange for receiving a distribution along with *Resorts*' unsecured creditor class under its reorganization plan. More importantly, the beneficiaries of the *Resorts* litigation trust, unlike Insilco's unsecured creditors, had already received distribution by the time the litigation trustee commenced the malpractice suit, and the outcome of this action against the accountant would have merely provided these beneficiaries with perhaps some additional value.

Here, it should also be noted that the Liquidation Trustee agrees with the Appellees in their assertion that section 1123 does not address jurisdiction. However, the Appellees and the Bankruptcy Court incorrectly stated that post-confirmation would have been preserved had the Plan specifically listed the DLJ Litigation. By providing an analysis of section 1123 and case law applying it, the Liquidation Trustee showed that there simply is no "specificity" requirement, and even if such requirement were to exist, the multiple provisions of the Disclosure Statement and the Plan, describing the Rights of Actions that the Liquidation Trustee may bring, most certainly meet it.

## IV. "RELATED TO" JURISDICTION HAS ALSO BEEN ESTABLISHED DUE TO THE FACT THAT THE DIRECTORS ARE BEING INDEMNIFIED FOR THEIR LEGAL EXPENSES IN THESE CLAIMS BY A DIRECTORS & OFFICERS INSURANCE POLICY THAT BELONGS TO THE DEBTORS' ESTATE

The Appellees and the Bankruptcy Court are wrong in their assertion that "even though the claims alleged by the Liquidating Trustee in the Amended Complaint arose pre-petition, their resolution does not require interpretation of the Plan and will not affect the bankruptcy estate or the Debtor." *See* Appellees Response, p. 5, citing Opinion of the Bankruptcy Court at A-335 to A-336. To the contrary, the Claims against DLJ and the Directors have already affected, and continue to affect, the bankruptcy estate due to the fact that Insilco obtained an officers & directors insurance policy (the "Policy"), which entitles the Directors to indemnification of expenses incurred in connection with the Claims. Indeed, the Directors have already obtained

reimbursement under the Policy and conceivably could request additional funds directly from the bankruptcy estate in the event a judgment will be rendered against them and the amount of such judgment were to exceed the coverage provided under the Policy. Moreover, the Liquidating Trustee already made a payment out of the bankruptcy estate in connection with this Policy to ensure continued coverage under the Policy of the claims by the Directors.

In *Belcufine v. Aloe*, the Third Circuit was asked to determine whether the Bankruptcy Court had related to jurisdiction over claims brought by former employees of the debtor against the debtor's top officers for failure to pay pre-petition wages that became due post-confirmation. *Belcufine v. Aloe*, 112 F.3d 633 (3d Cir. 1997). The Third Circuit held that related to jurisdiction existed based on an express provision in the debtor's by-laws that provided the top officers with an indemnification claim against the debtor. *Id.* at 636. Agreeing with the district court, the Third Circuit Court held that "[b]ased on the broad reach of the term 'related to', subject matter jurisdiction existed over the employee's action. In fact, *Pacor* specifically notes that contractual indemnity claims can have an effect on a bankruptcy estate and thus provide a basis for the exercise of 'related to' jurisdiction." *Id.*, citing *Pacor v. Higgins*, 743 F.2d 984, 995 (3d Cir. 1984) and *A.H. Robins Co., Inc. v. Piccinin*, 788 F.2d 994, 1001 (4th Cir. 1987).

In the present case, the indemnification claims by the Directors arising out of the Claims commenced by the Liquidating Trustee that have already affected the bankruptcy estate satisfy the "related to" test, and hence, bankruptcy court post-confirmation jurisdiction existed. Indeed, the Directors have expressly invoked the protection of the Policy. The Directors are already receiving defense costs and will look to the Policy to satisfy the judgment in this action. Insilco owned that Policy and that Policy is now the property of the estate. The close nexus is therefore established as a matter of law.

## CONCLUSION

For the foregoing reasons, the Opinion of the Bankruptcy Court dismissing the Dismissed Claims should be overruled.

Dated: March 23, 2007
       Wilmington, Delaware

                                         /s/
                            Michael R. Lastowski (ID No. 3892)
                            Richard W. Riley (ID No. 4052)
                            DUANE MORRIS LLP
                            1100 North Market Street, Suite 1200
                            Wilmington, DE 19801-1246
                            Telephone: (302) 657-4900
                            Facsimile: (302) 657-4901
                                        mlastowski@duanemorris.com
                                        rriley@duanemorris.com

                                      -and-

                            Andrew I. Silfen
                            Michael S. Cryan
                            Heike M. Vogel
                            ARENT FOX LLP
                            1675 Broadway
                            New York, New York 10019
                            Telephone: (212) 484-3900
                            Facsimile: (212) 484-3990
                                        silfen.andrew@arentfox.com

                            *Attorneys for Chad Shandler, Trustee of the Insilco Liquidating Trust*