IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re<br><br>INSILCO TECHNOLOGIES, INC., et al.,<br><br>Debtors | Chapter 11<br><br>Case No. 02-13672 (KJC)<br><br>(Jointly Administered) |
| CHAD SHANDLER, as Trustee to the Insilco Liquidating Trust,<br><br>Appellant.<br><br>v.<br><br>DLJ MERCHANT BANKING, INC. n/k/a CREDIT SUISSE FIRST BOSTON,<br><br>Appellees. | Case No. 05 CV 795 (GMS) |

**OPPOSITION OF CHAD J. SHANDLER TO MOTION OF
DLJ APPELLEES FOR LEAVE TO FILE A SURREPLY**

The appellant, Chad J. Shandler, as Trustee to the Insilco Liquidating Trust (the "Liquidating Trustee"), by and through undersigned counsel hereby objects to the Motion of DLJ Appellees for Leave to File a Surreply (the "Motion for Leave") and respectfully requests that the Court deny the Motion for Leave. Contrary to Appellees' assertion, the Liquidating Trustee did not raise a new argument for the first time in his Reply, but rather merely responded to the assertion in Appellees' Response[1] [Docket No. 13] (at pp. 9-12) that "related-to" jurisdiction was not established in the present case because the Claims allegedly have no effect on the estate. The Liquidating Trustee in his Reply simply pointed to matters of record in the court below that eviscerate the allegation contained in Appellees' Response.

---

[1] Capitalized terms not defined herein have the meaning given in the Reply Brief of Appellant ("Reply").
NYC/326590.2

The fact that the Debtor's insurance policy was paying for legal expenses for the Directors was well known to the Appellees at the time they filed their Response, and thus they already had a fair opportunity to rebut that fact or attempt to offer an explanation. In *Indian Palms Associates, Ltd. v. California Federal Bank*, the Third Circuit found that the district court may take judicial notice of documents and pleadings filed in the bankruptcy court. After explaining that such review is limited by a "fair opportunity to rebut" and "evidentiary competence", the Court determined that "[n]either of these limitations means, however, that when the course and timing of proceedings, or the positions previously taken by the parties in the case, become relevant for any reason, a trial or appellate judge may not look to any document in the case record to establish the relevant fact." 61 F.3d 197, 205 (3d Cir. 1995). Accordingly, the Liquidating Trustee's Reply was proper and there are no grounds supporting Appellees' Motion for Leave.

Appellees' assertion that the Claims have no effect on the estate, moreover, is simply not true. The Claims are already affecting the estate in connection with the legal expenses incurred by the Directors for which they have been indemnified by certain insurance policies which are property of the estate. Several documents and stipulations, which were considered by the Bankruptcy Court and are entered on the court docket, further support the undisputed fact that the Directors are entitled to reimbursement of their legal fees under certain insurance policies obtained by the Debtor. Since the law of this Circuit, as set forth in *Belcufine v. Aloe*, 112 F.3d 633 (3d Cir. 1997), states that "related-to" jurisdiction is established by such indemnification agreements, the Liquidating Trustee had the right to raise this argument in response to

Appellees' assertion that "related-to" jurisdiction does not exist.[2]

Thus, for the forgoing reasons, the Liquidating Trustee respectfully requests that the Court deny the Appellees' Motion for Leave.

Dated: April 3, 2007
Wilmington, Delaware

*[signature]*

Michael R. Lastowski (DE 3892)
Christopher M. Winter (DE 4163)
DUANE MORRIS LLP
1100 North Market Street, Suite 1200
Wilmington, DE 19801-1246
Telephone: (302) 657-4900
Facsimile: (302) 657-4901
mlastowski@duanemorris.com
cmwinter@duanemorris.com

-and-

Andrew I. Silfen
Michael S. Cryan
Heike M. Vogel
ARENT FOX LLP
1675 Broadway
New York, New York 10019
Telephone: (212) 484-3900
Facsimile: (212) 484-3990
silfen.andrew@arentfox.com

*Attorneys for Chad Shandler, Trustee of the Insilco Liquidating Trust*

---

[2] In their proposed Surreply, the Appellees assert that *Belcufine* does not apply in the present case because the claims at issue in *Belcufine* arose during the pendency of a bankruptcy case. This assertion is false, as demonstrated by the opinion rendered in the bankruptcy court. The claims in *Belcufine* were filed five months after confirmation of the debtor's plan. *See Belculfine v. Aloe (In re Shengango Group, Inc.)*, 186 B.R. 623, 625 (Bankr. W.D.Pa. 1995).