IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re<br><br>INSILCO TECHNOLOGIES, INC., *et al.*,<br><br>Debtors. | Case No. 02-13672 (KJC)<br>(Chapter 11) |
| CHAD SHANDLER, as Trustee to the Insilco Liquidating Trust,<br><br>Appellant,<br><br>v.<br><br>DLJ MERCHANT BANKING, INC. n/k/a CREDIT SUISSE FIRST BOSTON, *et al.*,<br><br>Appellees. | Civil Action No. 05-795-GMS |

**MEMORANDUM**

**I.     INTRODUCTION**

Presently pending before the court is an appeal from the September 27, 2005 Order and opinion of the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") dismissing, for lack of subject matter jurisdiction, the Third (Fraud), Fourth (Professional Malpractice), Fifth (Unjust Enrichment), Sixth (Deepening Insolvency), Eighth (Aiding and Abetting Breach of Fiduciary Duty), Ninth (Breach of Fiduciary Duty), Tenth (Abuse of Control) and Eleventh (Professional Malpractice) claims for relief (the "Dismissed Claims") set forth in the amended complaint filed on February 17, 2005 (the "Amended Complaint") by the liquidating trustee for the

creditors' trust, Chad J. Shandler (the "Trustee"), and granting in part the Appellees'[1] motions to dismiss the Amended Complaint that were filed on March 18, 2005. For the following reasons, the court will affirm the Bankruptcy Court's Order.[2]

## II.   THE PARTIES' CONTENTIONS

On behalf of Insilco Technologies, Inc., *et al.*, ("Insilco" or the "Debtor"), the Trustee commenced the adversary proceeding underlying this appeal by filing the Amended Complaint. The Trustee alleges that the DLJ Defendants harmed the Debtor and its creditors by wrongfully exercising their control over the company and taking unfair and harmful actions to advance their own interests. According to the complaint, these actions compromised, prejudiced, and adversely affected the Debtors' interests. Specifically, the Trustee alleged that, among other things, the DLJ Defendants gained control of the Debtor and wrongfully: (1) installed their designees as a majority of the Insilco Board of Directors and caused these designees to breach fiduciary duties owed to Insilco; (2) induced Insilco to sell its valuable automotive business at an artificially low price; and

---

[1] The Appellees to this appeal are: DLJ Merchant Banking, Inc. n/k/a Credit Suisse First Boston, DLJ Merchant Banking Partners, L.P., Donaldson, Lufkin & Jenrette Securities Corp., Donaldson, Lufkin & Jenrette, Inc., Capital Funding, Inc., MBP II Plan Investors, L.P., DLJ Offshore Partners II, C.V., DLJ Millennium Partners-A, L.P., DLJ Millennium Partners, L.P., DLJ ESC, II, L.P., DLJ EAB, Partners, L.P., DLJ Merchant Banking Partners II-A, L.P., DLJ Merchant Banking Partners II, L.P., DLJ Diversified Partners, L.P., and DLJ Diversified Partners-A, L.P. (collectively, the "DLJ Defendants"); David Howe, James Ashton, and Randall Curran (collectively, the "Individual Defendants"); and McDonald Investments, Inc. ("McDonald").

[2] The court reaches this decision after review of the Bankruptcy Court's Order and opinion below, the briefs submitted on appeal by the parties, and the relevant case law and statutory authority cited in the parties' submissions. After reviewing the parties' submissions, it appears that the argument found at pp. 8-9 under Section IV of the Appellant's Reply Brief (D.I. 17) is a new argument that was not made to the Bankruptcy Court and not raised in the Appellant's Opening Brief (D.I. 10). *See* D. Del. LR 7.1.3(c)(2). That section of the Appellant's Reply Brief has, therefore, been disregarded by the court.

(3) caused Insilco to violate certain loan covenants and a credit agreement that Insilco had with third parties.

The Bankruptcy Court granted the DLJ Defendants' and the Individual Defendants' motions and dismissed the Dismissed Claims for lack of subject matter jurisdiction. The court based its ruling on the Third Circuit's decision in *Resorts Int'l*.[3] The court determined that the Dismissed Claims lacked a close nexus to the bankruptcy plan or proceeding as required by *Resorts Int'l*. The court concluded that resolution of the Dismissed Claims did not require interpretation of the bankruptcy plan and would not affect the bankruptcy estate or the Debtor. Specifically, the court found that the Dismissed Claims were insufficiently identified in plan. Thus, the court concluded that the implementation of the bankruptcy plan did not provide a basis for it to assert jurisdiction. Moreover, absent more, the court was not persuaded by the fact that the adversary proceeding could result in additional assets being made available to the creditors.

In this appeal, the Trustee contends that the court erred in dismissing the Dismissed Claims because the provisions of the Plan of Liquidation (the "Plan") and the Debtors' Amended Disclosure Statement Pursuant to Section 1125 of the Bankruptcy Code (the "Disclosure Statement") properly preserved the Dismissed Claims pursuant to Section 1123 of the Bankruptcy Code ("Section 1123") and Third Circuit case law. Specifically, the Trustee argues that Section 1123 and the applicable case law of this Circuit require only a general reservation of rights clause, and not the restrictive specific reservation of claims language that the Bankruptcy Court required in this case. The Trustee further contends that the court erred in its analysis and application of the Third Circuit's *Resorts Int'l*

---

[3] *Binder v. Price Waterhouse & Co., LLP (In re Resorts Int'l, Inc.)*, 372 F.3d 154 (3d Cir. 2004).

decision. According to the Trustee, contrary to court's conclusion, the Dismissed Claims are, indeed, the type of claims that the Court of Appeals contemplated would be subject to post-confirmation jurisdiction. Lastly, the Trustee contends that *Resorts Int'l* makes a distinction between reorganization cases and liquidation cases. The Trustee argues that the court in this case erroneously applied the holding in *Resorts Int'l* here because this case involves a liquidation.

In response, Appellees contend that the Dismissed Claims were properly dismissed for lack of subject matter jurisdiction and that the Trustee's appeal is without merit.[4] Specifically, Appellees contend that under the Third Circuit's decision in *Resorts Int'l*, no subject matter jurisdiction exists over state law claims filed by a post-confirmation trust, even where they are preserved by a plan, absent a close nexus to the bankruptcy plan or proceeding. The Appellees further contend that the Trustee's Section 1123 argument is irrelevant because *Resorts Int'l* makes clear that jurisdiction cannot be created by a plan. Finally, the Appellees argue that *Resorts Int'l* makes no distinction between reorganization and liquidation debtor cases.

### III. JURISDICTION AND STANDARD OF REVIEW

The court has jurisdiction to hear this appeal pursuant to 28 U.S.C.A. § 158(a)(1). In reviewing a case on appeal, the bankruptcy court's factual determinations will not be set aside unless they are clearly erroneous. *See Mellon Bank, N.A. v. Metro Comm., Inc.*, 945 F.2d 635, 641 (3d Cir. 1991). Conversely, a bankruptcy court's conclusions of law are subject to plenary review. *Id.*

### IV. DISCUSSION

The court concludes the Bankruptcy Court committed no legal error in dismissing the

---

[4] By adoption and incorporation by reference, both McDonald (D.I. 14) and the Individual Defendants (D.I. 16) joined the Appellees' Brief (D.I. 13) that was filed on behalf of the DLJ Defendants on March 7, 2007.

Dismissed Claims underlying this appeal. The court properly disposed of the Trustee's contention that the Plan and the Disclosure Statement properly preserved the Dismissed Claims for bankruptcy jurisdiction. Specifically, the court correctly noted that jurisdiction cannot be created simply by the preservation of a claim in a plan. *See Resorts Int'l*, 372 F.3d at 164 (stating that parties cannot "write their own jurisdictional ticket" and a confirmation order cannot confer jurisdiction upon a bankruptcy court unless jurisdiction exists pursuant to 28 U.S.C. § 1334 or 28 U.S.C. § 157). Moreover, Section 1123, in and of itself, does not grant, nor does it confer, or in any way serve as a proxy for the grant of bankruptcy jurisdiction. The *Resorts Int'l* decision makes clear that jurisdiction must be premised upon 28 U.S.C. §§ 1334 and 157, *see Resorts Int'l*, 372 F.3d at 161-62, and that for "related to" jurisdiction to be triggered under § 1334, a "close nexus" between the claims and the bankruptcy plan or proceeding must exist.[5] *Id.* at 168. The Trustee has pointed to no controlling case law that indicates otherwise. The court cannot, therefore, conclude that the Bankruptcy Court erred in its findings or legal conclusions in this regard.

The court disagrees with the Trustee's contention that the Bankruptcy Court erred in its analysis and application of the Third Circuit's decision in *Resorts Int'l*. The Trustee argues that the Dismissed Claims are the type of claims for which the *Resorts Int'l* decision specifically preserved and anticipated post-confirmation jurisdiction. As noted earlier, however, in *Resorts Int'l*, the Third Circuit made clear that post-confirmation "related to" jurisdiction exists only where a matter has "a

---

[5] The Bankruptcy Court ultimately concluded that the general language of the Plan and the Disclosure Statement concerning post-confirmation litigation did not demonstrate a "close nexus" between the claims and the bankruptcy plan process; and that neither the Plan nor the Disclosure Statement adequately identified the Dismissed Claims as an asset to be liquidated and distributed to the creditors; nor did either provide sufficient notice of such a claim to creditors or to the Bankruptcy Court.

close nexus to the bankruptcy plan or proceeding, as when a matter affects the interpretation, implementation, consummation, execution or administration of a confirmed plan or incorporated litigation trust agreement." *Resorts Int'l*, 372 F.3d at 168-69. Here, applying the close nexus test, the Bankruptcy Court concluded that the Dismissed Claims did not create a sufficiently close nexus to confer bankruptcy jurisdiction. The court reasoned that, "even though the claims alleged by the [Trustee] in the Amended Complaint arose prepetition, their resolution does not require interpretation of the Plan and will not affect the bankruptcy estate or the Debtor." *In re Insilco Technologies, Inc., et al.*, 330 B.R. 512, 524 (D. Del. 2005). The court can detect no error in the Bankruptcy Court's factual determinations, nor in its legal conclusions based upon those facts.

The Trustee also argues that *Resorts Int'l* is applicable only to reorganization cases. The court disagrees. The Bankruptcy Court correctly points out that "jurisdictional statutes apply without differentiating between liquidating and reorganizing debtors," and that "[*Resorts Int'l*] makes no such distinction." *Insilco*, 330 B.R. at 525. The court has been unable to find (nor does the Trustee point to) any Third Circuit case law that supports a contrary conclusion.

## V. CONCLUSION

For the foregoing reasons, the court will AFFIRM the Bankruptcy Court's September 27, 2005 Order.

Dated: September 15, 2008

_____
CHIEF UNITED STATES DISTRICT JUDGE



FILED

SEP 1 5 2008

U.S. DISTRICT COURT
DISTRICT OF DELAWARE

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re<br><br>INSILCO TECHNOLOGIES, INC., *et al.*,<br><br>Debtors. | Case No. 02-13672 (KJC)<br>(Chapter 11) |
| CHAD SHANDLER, as Trustee to the Insilco Liquidating Trust,<br><br>Appellant,<br><br>v.<br><br>DLJ MERCHANT BANKING, INC. n/k/a CREDIT SUISSE FIRST BOSTON, *et al.*,<br><br>Appellees. | Civil Action No. 05-795-GMS |

### ORDER

For the reasons stated in the court's Memorandum of this same date, IT IS HEREBY ORDERED THAT:

1. The September 27, 2005 Order of the Bankruptcy Court is AFFIRMED; and

2. Appellee DLJ Merchant Banking Inc.'s Motion for Leave to File a Surreply (D.I. 18) is DENIED as moot; and

3. Appellee McDonald Investments, Inc.'s Motion for Leave to File Surreply and Joinder of Motion of DLJ Appellees for Leave to File a Surreply (D.I. 20) is DENIED as moot.

Dated: September 15, 2008

CHIEF, UNITED STATES DISTRICT JUDGE